**Ernesto Rangel VILLALPANDO; et al., Petitioners,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–73834.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007.\*\*

Filed Dec. 28, 2007.

Rhoda Wilkinson Domingo, Esq., Law Offices of Rhoda W. Domingo, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jamie M. Dowd, Esq., U.S. Department of

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM\*\*\*

Ernesto Rangel Villalpando and his wife Maria Del Rosio Ramos Tapia seek review of an order of the Board of Immigration Appeals upholding an immigration judge's order denying their applications for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001), and we review for substantial evidence the agency's findings of fact regarding qualifying relatives, *Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir.2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Petitioners' contention that the agency deprived them of due process by misapplying the law to the facts of their case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001) (holding that the "misapplication of case law" may not be reviewed). We do not consider Villalpando's contentions regarding physical presence and moral character, because Villalpando's failure to establish hardship is dispositive.

Substantial evidence supports the agency's determination that Ramos Tapia's mother was not a qualifying relative for the purposes of cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D); *see also Molina–Estrada*, 293 F.3d at 1093–94.

We are not persuaded that petitioners' removal results in the deprivation of their children's rights. *See Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1012–13 (9th Cir. 2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.